## CAROL C. JOHNSON *v.* ZONING BOARD OF APPEALS OF THE TOWN OF BRANFORD ET AL.
### (2804)

DANNEHY, C.P.J., TESTO and HULL, Js.

Argued March 7—decision released May 22, 1984

*Carol C. Johnson,* pro se, the appellant (plaintiff).

*Frank J. Dumark,* for the appellee (named defendant).

*John W. Colleran,* for the appellee (defendant Annette Kreske).

*Walter J. Kreske,* pro se, the appellee (defendant).

PER CURIAM. The plaintiff appeals[1] from the decision of the Superior Court dismissing as moot his appeal from the granting of a variance by the defendant zoning board of appeals. The relevant facts are as follows.

The plaintiff is the owner of a shorefront lot in Branford on which there are a dwelling house and guest house. The defendants Walter and Annette Kreske are the owners of the adjoining lot on which there are a dwelling house and an outbuilding. In 1965, the zoning regulations provided that the maximum floor area of a building on either of these lots may not exceed 30 percent of the lot area. The Kreskes' house was a nonconforming use since the bulk floor area exceeded the maximum size by 7 percent. In 1965, the Kreskes applied to the Branford zoning board of appeals for a variance which would legalize additions to the house which had already been made. These additions had increased the extent of the nonconformance from 7 percent to 18 percent. The plaintiff appeared at the hearing and opposed the Kreskes' application, which was nevertheless granted by the board. The variance permitted an increase in the Kreskes' already nonconforming use from 37 percent to 48 percent of the lot area.

The plaintiff appealed to the Court of Common Pleas[2] from the board's decision. That court dismissed the appeal on the ground that the plaintiff had not been aggrieved. The plaintiff appealed to the Supreme Court which, upon determining that the plaintiff had been aggrieved, remanded the matter for consideration on the merits. *Johnson* v. *Zoning Board of Appeals,* 156 Conn. 622, 238 A.2d 413 (1968). During the pendency of the appeal on remand, the town of Branford

---

[1] This appeal, originally filed in the Appellate Session of the Superior Court, was transferred by that court to the Supreme Court, and was thereafter transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] Merged with the Superior Court on July 1, 1978.

amended its zoning ordinance in such a fashion that the Kreskes' house became a conforming use since, as amended, the regulation provided that the maximum floor area of the building could not exceed 50 percent of the lot area. No appeal was taken by the plaintiff from the amendment of the zoning regulations.

On remand to the Superior Court, the defendants each claimed by way of special defense that the amended zoning regulations had rendered the plantiff's appeal moot. The court, *Celotto, J.,* rendered judgment dismissing the appeal as moot and the plaintiff appealed.

The Supreme Court, in *Edward Balf Co.* v. *East Granby,* 152 Conn. 319, 323, 207 A.2d 58 (1965), stated that "since zoning regulations are presumed to be for the welfare of the entire community, the mere institution of a legal proceeding to determine the [party's] rights should not be allowed to 'freeze' [those] rights and possibly upset the development of a community according to its comprehensive plan." The dispute should not be settled on the basis of zoning regulations which no longer exist. Id. This lead was followed in the case of *Burgarella* v. *Planning & Zoning Commission,* 27 Conn. Sup. 400, 240 A.2d 211 (1967). In that case it was held that the appeal, based as it was on the pre-existing zoning regulations, presented a moot question and should be dismissed because the relief sought would be nugatory and unavailing by reason of the subsequent change in the zoning ordinance.

Applying these principles to the case now before us, it is plain that the appeal was properly dismissed as moot since the zoning variance has been superseded by a subsequent amendment to the zoning regulations which permit the use as of right. When present regulations permit the use, the plaintiff gains nothing by his action to set aside the granting of a variance which

the landowner no longer needs. In a zoning appeal the court is to take the law as it exists at the time of the review of the zoning decision complained of. See 4 Anderson, American Law of Zoning (2d Ed. 1977) § 25.31; 2 Rathkopf, The Law of Zoning & Planning (4th Ed. 1978) § 27.06. There is no practical relief which could follow were the plaintiff's appeal of the zoning variance to be sustained.

There is no error.