ROBERT T. MCCALLUM *v.* INLAND WETLANDS
COMMISSION OF THE TOWN OF AVON
(12451)

PETERS, C. J., HEALEY, SHEA, DANNEHY and SANTANIELLO, Js.

Argued March 7—decision released May 14, 1985

*Philip J. Carignan,* for the appellant (plaintiff).
*Austin Carey, Jr.,* for the appellee (defendant).

DANNEHY, J. This is an appeal from the judgment of the trial court sustaining the action of the defendant Avon inland wetlands commission (commission) in its denial of the plaintiff's application to place "fill" for a driveway in the wetland on his property.

The record discloses that the plaintiff is the owner of property known as the Terrace Drive and Rexinger Lane subdivision in Avon. On or about March 4, 1982, he applied to the commission for a permit[1] which included a request to place thirty cubic yards of fill in the wetland on his property for a driveway crossing lot No. 10 of the subdivision. The commission granted the application but rejected the plaintiff's request to place fill in the wetland for a driveway.

On or about July 8, 1982, the plaintiff made a second application to the commission within the one year waiting period required by ordinance before the filing of another application.[2] The second application merely

---

[1] In his application, the plaintiff requested approval to conduct four regulated activities: (1) to place 3500 cubic yards of fill in the wetland for a road crossing and associated utilities; (2) to place thirty cubic yards of fill in the wetland for a driveway crossing; (3) to place a sanitary sewer in the watercourse and wetland; and (4) to discharge storm water.

[2] "[Inland Wetlands and Water Courses Regulations of the Town of Avon]

"Section 9.4 – When denying a permit, the Commission may permit the applicant to modify, amend or correct the proposal. In the event of the denial

reduced the quantity of fill to be placed in the wetland to 16.5 cubic yards. The commission refused to accept the application, holding that it was the same activity as that denied in the March 4, 1982 application and, as such, that the commission was not required to pass on the application. At the same time, the commission indicated to the plaintiff that he should consider alternative locations for the building to be constructed on the lot because the commission was contemplating an amendment to its regulations to encompass any building located within forty feet of a wetland area.

On August 18, 1982, the plaintiff filed a new application requesting a permit identical to that requested in the previously refused application. On September 7, 1982, the commission voted to accept the application for a ruling. Also on September 7, 1982, a public hearing was held on a proposed amendment to the commission's regulations which would change the definition of the term "regulated activity" so as to include the location of a building or structure within forty feet of a wetland or eighty feet of a watercourse.

A public hearing on the plaintiff's third application was held on November 1, 1982. Included in the evidence submitted by the plaintiff was an amended site plan which showed a different house and a new location for the driveway. The commission refused to consider this amended site plan on the advice of the town attorney that a separate application was required for the amended site plan.

Several days later, the commission voted to deny the plaintiff's application for the following two reasons: first, because there would be a significant impact on the wetland due to the proximity of the house to the

---

of a permit without permission to modify, amend or correct, and in the event of the revocation of a permit, the Commission will not be required to accept an application for the same activity for one (1) year after the date of its denial or revocation."

wetland; and, second, because there were viable alternatives to the proposed location of the house. That evening, the commission voted to adopt the amendment which added the setback requirements to its regulations. The validity of the amended regulations has not been challenged.

The plaintiff appealed to the Superior Court from the commission's decision to deny his application, claiming that the commission acted illegally, arbitrarily, and in abuse of its discretion and that, as a result of such actions, the plaintiff was denied the reasonable use and development of his land. The trial court, *Purtill, J.,* sustained the decision of the commission and the plaintiff appealed.

This action arises under the Inland Wetlands and Watercourses Act (act) which is contained in General Statutes §§ 22a-36 through 22a-45, inclusive. Pursuant to § 22a-42 of the act, municipalities are encouraged to create agencies to regulate activities affecting wetlands and watercourses within their territorial limits.[3] The commission was created in accordance with this provision. Under the act, no regulated activity may be conducted on a wetland without a permit. General Statutes § 22a-42a (c). Municipal agencies are authorized to grant, deny, or limit any permit for a regulated activity. General Statutes § 22a-42a (d). A "regulated activity" is defined as "any operation within or use of a wetland or watercourse involving removal or deposition of material, or any obstruction, construction, alteration or pollution, of such wetlands or water-

---

[3] Prior to the enactment of the Inland Wetlands and Watercourses Act; General Statutes §§ 22a-36 through 22a-45; local zoning was the only method used to protect and regulate wetlands and watercourses. See, e.g., *Bartlett* v. *Zoning Commission,* 161 Conn. 24, 282 A.2d 907 (1971); *Dooley* v. *Town Plan & Zoning Commission,* 151 Conn. 304, 197 A.2d 770 (1964).

courses" except as to certain permissible activities specified in General Statutes § 22a-40. General Statutes § 22a-38 (13).

The main thrust of the plaintiff's argument on appeal is that the commission, in considering the proposed location of the house under the regulations then in effect, when his application was solely for a permit to place fill in the wetland, exceeded the scope of its statutory authority by "regulating activities" outside the boundaries of the wetland. It is stipulated that the location of the proposed house was immediately adjacent to the wetland and not within the boundaries of the wetland area itself.

At the time the plaintiff's application was considered by the commission, § 2 of the Avon inland wetlands and watercourses regulations defined "activity" as "any operation or use within or affecting a wetland or water course." "Regulated activity" was defined as "any activity involving removal or deposition of material, or any obstruction, construction, alteration or pollution, of a wetland or water course . . ." and "regulated area" was defined as "all wetlands and water courses. . . . " Section 4 of the regulations, entitled "Regulation of Activities Affecting Regulated Areas," required a permit for regulated activities affecting inland wetlands and watercourses, but only those activities which affect a regulated area by "removal of material; depositing of material; construction, obstruction, alteration; or pollution." Section 5.1 of the regulations required an application from any person wishing to conduct a regulated activity or an activity which may involve a regulated activity. The plaintiff claims that under both the statute and the then existing regulations, the only activity the commission was entitled to consider was a regulated activity for which a permit was required, specifically, the placement of fill in the wetland.

Under the regulations as amended, the location of a structure within forty feet of a wetland is a regulated activity. The plaintiff does not dispute that the location of the proposed house now falls squarely within the area of the forty foot setback regulation and as such is subject to commission approval. Nor does he dispute the validity of the new regulations. He argues, however, that because his application was made, and the decision rendered thereon, prior to the adoption of the amended regulations, such regulations should not be considered in this appeal.

The determinative question for this court is whether the amendment of the regulations renders this appeal moot. The plaintiff's claims relate exclusively to the regulations in effect at the time the commission acted upon the plaintiff's application. Since the original regulations are no longer of any force, our determination of their effect and validity would be futile because no actual relief could follow. We hold, therefore, that this dispute is moot.

The majority rule, and the rule followed in Connecticut, is that the zoning law or regulation in effect at the time of the decision of a court is controlling as opposed to that in effect when the proceedings were instituted or when the administrative agency entered its decision upon the application.[4] See *Johnson* v. *Zon-*

[4] We noted an exception to the general rule in *Marmah, Inc.* v. *Greenwich,* 176 Conn. 116, 405 A.2d 63 (1978). There, we rejected the town's argument that the plaintiff's appeal to the trial court had become moot because subsequent to the denial of the plaintiff's application for site plan approval the zoning regulations had been amended to prohibit the proposed use. We held, on the basis of the trial court's reasonable conclusion that the zoning amendment had been enacted primarily for the purpose of preventing the plaintiff from going forward with its proposed project, that it would have been inequitable to allow the amended regulations to bar review of the plaintiff's claim. Id., 123. No claim of improper or punitive motive on the part of the commission in amending its regulations has been suggested by the plaintiff in this case.

*ing Board of Appeals*, 2 Conn App. 24, 475 A.2d 339 (1984); *Burgarella* v. *Planning & Zoning Commission*, 27 Conn. Sup. 400, 240 A.2d 211 (1967); see also *Yorkdale Corporation* v. *Powell*, 237 Md. 121, 205 A.2d 269 (1964); *Winiker Realty, Inc.* v. *Zoning Board of Appeals*, 362 Mass. 869, 285 N.E.2d 452 (1972); *Lunden* v. *Petito*, 30 App. Div. 2d 820, 292 N.Y.S.2d 757 (1968); 4 Anderson, American Law of Zoning (2d Ed. 1977) § 25.31.

In land disputes, "applying the law as it exists at the time an appellate court makes its determination, 'is simply a practical, common sense means of doing substantial justice and of avoiding the necessity of protracted retrials which inevitably will result in the same decision. The ultimate decision to which a party is entitled should not be delayed by vain formalities. . . .' *Matter of Thomas* v. *Board of Standards & Appeals*, 263 App. Div. 352, 358 [33 N.Y.S.2d 219] (N.Y. [1942]); *Paliotto* v. *Dickerson*, 22 App. Div. 2d 929 [256 N.Y.S.2d 55] (N.Y. [1964])." *Burgarella* v. *Planning & Zoning Commission*, supra, 402–403.

If these principles are applied to the case before us, it is clear that the appeal must be dismissed as moot. Under the present regulations, the commission has the authority to consider the effect of the proposed house on the wetland inasmuch as it will be built within the ambit of the commission's jurisdiction over a "regulated activity." Even if this court were to find, as the plaintiff urges, that the commission acted illegally, arbitrarily, and in abuse of its discretion in denying the plaintiff's application under the former regulations, there is no practical relief which could follow. The plaintiff would have to appear again before the same commission under the same circumstances except that the commission unquestionably could and must take into

account the environmental impact of the now regulated activity, the location of the proposed house, on the wetland.

" 'It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow.' " *Arnold Bernhard & Co.* v. *Planning & Zoning Commission,* 194 Conn. 152, 158, 479 A.2d 801 (1984); *Accurate Forging Corporation* v. *UAW Local No. 1017,* 189 Conn. 24, 26, 453 A.2d 769 (1983); *State Farm Life & Accident Assurance Co.* v. *Jackson,* 188 Conn. 152, 156, 448 A.2d 832 (1982); *CEUI* v. *CSEA,* 183 Conn. 235, 246, 439 A.2d 321 (1981). Because the relief sought by the plaintiff would be unavailing by reason of the subsequent amendment of the commission's regulations, the issues presented in this appeal are moot. See *Rosnick* v. *Zoning Commission,* 172 Conn. 306, 308–10, 374 A.2d 245 (1977), and cases cited therein.

The appeal is dismissed.

In this opinion the other judges concurred.