FLAHERTY GIAVARA ASSOCIATES, INC. *v.*
ARCHITECTURAL REGISTRATION BOARD
OF THE STATE OF CONNECTICUT ET AL.
(3287)

DUPONT, C.P.J., BORDEN and SPALLONE, Js.

Argued April 12—decision released July 2, 1985

*James A. Wade,* with whom was *Sylvia Kemp-Orino,* for the appellant (plaintiff).

*Robert T. Statchen,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Richard J. Lynch,* assistant attorney general, for the appellees (defendants).

BORDEN, J. The plaintiff corporation appeals from the judgment of the trial court dismissing its administrative appeal from a declaratory ruling of the defendant architectural registration board. That ruling declined to recommend to the other defendant, the department of consumer protection, that the plaintiff be issued a certificate of registration for the joint practice of engineering and architecture. We find no error.

The plaintiff's predecessor corporation was formed in 1977 as a professional corporation engaged in the practice of engineering. In 1981, the plaintiff was formed as a new corporation for the purported multiple purposes of providing architectural, engineering, planning, surveying and environmental science services to the public. The plaintiff's chief executive officer, and the holders of all its voting stock, are engineers. Architects are employed by the plaintiff but none of them owns stock, voting or nonvoting, in it.

Having received approval from the board of registration for professional engineers and land surveyors to engage in the joint practice of engineering and architecture, the plaintiff sought this declaratory rul-

ing from the architectural board that it was entitled to engage in such joint practice pursuant to General Statutes (Rev. to 1981) § 20-306b as it then existed.[1] The board and the trial court rejected the plaintiff's interpretation of the statute, and ruled that the plaintiff is not entitled to a joint certificate. This appeal followed.

General Statutes (Rev. to 1981) § 20-306b (a) provides in pertinent part: "One or more architects, each of whom is registered under the provisions of chapter 390, and one or more professional engineers, each of whom is registered under the provisions of this chapter, may form a corporation for the joint practice of architecture and professional engineering services, provided (1) its chief executive officer and the holder or holders of the voting stock of such corporation shall be registered as architects or professional engineers under the provisions of said chapter 390 and this chapter, (2) the personnel in responsible charge of the practice of architecture for such corporation shall be registered under said chapter 390 and the personnel in responsible charge of the practice of engineering for such corporation shall be registered under this chapter, and (3) such corporation has been issued a joint certificate of authorization by the architectural registration board and the members of the board of registration for professional engineers and land surveyors designated to administer the provisions of this chapter with respect to professional engineers." The statute sets up four

---

[1] General Statutes § 20-306b was subsequently amended in 1983 by Public Acts 1983, No. 83-574; see General Statutes (Rev. to 1985) § 20-306b; which amendment obviated the issue raised by this case. We refer herein to General Statutes (Rev. to 1981) § 20-306b as the applicable statute. The plaintiff's claim, of course, must be adjudicated under the statute as it then existed. See *Cantor* v. *State Board of Electrical Examiners,* 3 Conn. App. 707, 492 A.2d 194 (1985). For a different approach in zoning cases, see *McCallum* v. *Inland Wetlands Commission,* 196 Conn. 218, 223, 492 A.2d 508 (1985); *East Lyme* v. *Waddington,* 4 Conn. App. 252, 259, 493 A.2d 903 (1985).

requirements: (1) one or more architects and one or more engineers form a corporation for the joint practice of architecture and engineering; (2) the chief executive officer and the holders of the voting stock are registered as architects or engineers; (3) those in charge of the architects are registered as such, and those in charge of the engineers are registered as such; and (4) the corporation has received a joint certificate of authorization from both the architectural registration board and the board of registration for professional engineers and land surveyors.

The trial court interpreted the first requirement to mean that both architects and engineers must form the corporation for the joint professional practice, in the sense that both must share the control of the corporation by owning voting stock in the corporation. Although we read the opening clause of General Statutes (Rev. to 1981) § 20-306b (a), from which the first requirement stems, more narrowly than did the trial court, we reach the same conclusion, nonetheless, and thus sustain the judgment on a different ground from that used by the trial court. *Progressive Casualty Ins. Co.* v. *DiGangi,* 4 Conn. App. 137, 138, 492 A.2d 548 (1985).

We agree with the plaintiff that the first proviso of General Statutes § 20-306b (a) requires no more than that the chief executive officer and the holder of all the voting stock be either architects or engineers. Thus, the plaintiff satisfied that proviso, since its chief executive officer is an engineer and all its voting stock is owned by engineers. We also agree with the plaintiff that the opening clause of the statute does not require that each professional own voting stock in the corporation. The legislature delineated in the first proviso of the statute where the voting stock must be located.

Our disagreement with the plaintiff focuses, however, on the language of the opening clause of the statute: "One or more [registered] architects . . . and one or more [registered] professional engineers . . . may form a corporation for the joint practice of architecture and professional engineering services . . . ." The plaintiff argues in effect that, by virtue of having architects on its payroll as employees and offering both architectural and engineering services to the public, it has met the requirements of this part of the statute. We disagree.

General Statutes § 20-306b (a) must be read in the light of its purpose, with common sense, and to reconcile all its parts. *Shelby Mutual Ins. Co.* v. *Della Ghelfa,* 3 Conn. App. 432, 437–38, 489 A.2d 398, cert. granted, 196 Conn. 805, 494 A.2d 903 (1985). It is apparent that the purpose of the statute is to permit the two separate professions to join together in order to provide the services of both to the public under one corporate roof. Thus, the statute requires that at least one architect and at least one engineer "form a corporation." We do not believe, however, that the legislature meant that this requirement could be met by the formation of a corporation in which an engineer owned the stock and intended to employ at least one architect. Indeed, since ordinarily the architect could not become an employee of the corporation until after its incorporation, he could not, under any sensible interpretation, be considered an architect who "form[ed] a corporation."

Drawing on the purpose of the statute, on common sense, and on the need to reconcile all its parts, we believe that the phrase, "[o]ne or more architects . . . and one or more engineers . . . may form a corporation," means that each such professional must own stock, voting or nonvoting, in the corporation. Thus, each such professional would be joining with the other in a common enterprise in which each has a financial

stake. In this sense, each would be joining in the formation of the corporation. This sensible interpretation also reconciles that opening clause of the statute with the legislature's focus, in the first proviso, on the ownership of "voting stock." Although, under that proviso, the voting stock can all be owned by the members of one profession, under the opening clause of the statute some stock, voting or nonvoting, must be owned by both.

No architect owns stock, voting or nonvoting, in the plaintiff. Therefore, it did not meet the requirements of the statute.

There is no error.

In this opinion the other judges concurred.