ALBERT P. HEGYI ET AL. *v.* PLAN AND ZONING COMMISSION OF THE TOWN OF FAIRFIELD
(5112)

DALY, BIELUCH and NORCOTT, Js.

Argued November 18, 1987—decision released May 10, 1988

*Jay H. Sandak,* for the appellants (plaintiffs).

*Roy H. Ervin,* for the appellee (defendant).

BIELUCH, J. This is an appeal by the plaintiffs, Albert P. Hegyi and Ceil T. Hegyi, from the judgment of the

trial court denying their request for a writ of mandamus ordering the defendant plan and zoning commission of the town of Fairfield (commission) to approve their application for a special exception to the town's zoning regulations. The issue before the trial court was whether the admitted failure of the commission to hold a public hearing on the plaintiffs' application within either of the time limits established by General Statutes § 8-7d (a)[1] or by the town's zoning regulations[2] resulted in the automatic approval of the application. The court held that the time limit provisions of the statute and of the zoning regulations are directory and that both requirements "relate to procedural matters and do not incorporate other provisions which expressly or implicitly require automatic approval where a hearing is not held within the time limit prescribed." The plaintiffs' claim on appeal focuses upon the narrow issue of

[1] "[General Statutes] Sec. 8-7d. HEARINGS AND DECISIONS. TIME LIMITS. DAY OF RECEIPT. (a) Except as provided in subsection (b) of this section, in all matters wherein a formal petition, application, request or appeal must be submitted to a zoning commission, planning and zoning commission or zoning board of appeals under this chapter and a hearing is required on such petition, application, request or appeal, *such hearing shall commence within sixty-five days* after receipt of such petition, application, request or appeal *and shall be completed within thirty days* after such hearing commences. *All decisions* on such matters *shall be rendered within sixty-five days* after completion of such hearing. The petitioner or applicant may consent to one or more extensions of any period specified in this subsection, provided the total extension of any such period shall not be for longer than the original period as specified in this subsection, or may withdraw such petition, application, request or appeal." (Emphasis added.)

[2] Section 27.3 of the Fairfield Zoning Regulations provides in relevant part: "Public hearing. The town plan and zoning commission or the board of appeals, as the case may be, within sixty days after receipt of a completed special exception application meeting the requirements of paragraph 27.2, shall hold a public hearing on the application. . . . Within thirty days after the public hearing, the commission or the board, as the case may be, shall approve, modify and approve or disapprove the special exception application."

whether the time constraints for holding a public hearing contained in General Statutes § 8-7d (a) are mandatory and, if so, whether automatic approval of an application for a special exception is required if a public hearing is not held within the statutorily mandated time schedule. We dismiss this appeal as moot.

The relevant facts are not in dispute. The plaintiffs are the owners of seven and one-quarter acres of improved real property located in a Residence AAA District in the Southport area of the town of Fairfield. On January 16, 1984, the plaintiffs submitted an application to the commission for a special exception to use a portion of their property as a private landing area for a personal helicopter. The first commission meeting after the filing of the plaintiffs' application took place on January 24, 1984, but no significant action relative to the application took place at that time. The application was unanimously approved by the commission at an executive session on March 22, 1984. This approval was subsequently vacated by the commission at another executive session on April 10, 1984, for the stated reason that there should have been a public hearing on the plaintiffs' application. The plaintiffs, and certain neighbors of the plaintiffs, filed separate appeals from these actions of the commission.[3]

---

[3] These appeals, based on the same facts, were consolidated for trial. The first appeal, filed on April 11, 1984, was taken by neighbors of the plaintiffs claiming that the commission acted illegally in approving the plaintiffs' application in executive session on March 22, 1984, without a public hearing. *Bok* v. *Plan & Zoning Commission*, Superior Court, judicial district of Fairfield, Docket No. 216237 (June 30, 1986). The second appeal was filed by the plaintiffs on April 21, 1984, claiming that the commission could not legally vacate its prior approval of their application without notice. *Hegyi* v. *Plan & Zoning Commission*, Superior Court, judicial district of Fairfield, Docket No. 216600 (June 30, 1986). The court, *Harrigan, J.*, sustained the *Bok* appeal; the *Hegyi* appeal was dismissed as moot in light of the decision in *Bok*. No appeal was taken from those judgments.

The commission did not conduct a public hearing on the plaintiffs' application within either the prescribed sixty-five day time limit of General Statutes § 8-7d (a), or the sixty day limit of the town's zoning regulations. A public hearing was eventually scheduled to take place on April 24, 1984. At this hearing, counsel for the plaintiffs appeared and requested that it be adjourned until the trial court ruled on the plaintiffs' pending appeal from the commission's action vacating its prior approval of the plaintiffs' application. This request was complied with; the public hearing was, however, never resumed.

On May 21, 1984, the representative town meeting of the town of Fairfield passed an ordinance prohibiting private landing sites such as the one sought by the plaintiffs. This ordinance affected all uses authorized by the town after January 1, 1972.[4]

The plaintiffs, on July 6, 1984, applied to the trial court for a writ of mandamus directing the commission to issue an approved application to them. The court denied this request. The plaintiffs have appealed to this

[4] The ordinance adopted by the town was as follows:

"Be It Ordained by the Representative Town Meeting of the Town of Fairfield:

"That the taking off or landing of any passenger or freight carrying airplanes, helicopters and any other kind of aircraft, registered by the Federal Aviation Administration, or any other governmental agency, is prohibited in the Town of Fairfield, except as follows:

"(A) In Emergencies.

"(B) By Federal, State or Local Government Officials or their authorized agents in the exercise of governmental responsibilities.

"(C) For public or educational purposes when authorized by a permit issued by the Chief of Police which shall be issued only in accordance with the regulations as shall be adopted by the Police Commission and approved by the Board of Selectmen.

"This ordinance shall not affect uses authorized by the Town of Fairfield prior to January 1, 1972.

"The term 'passenger' shall include any pilot or co-pilot.

"Any person who violates any of the provisions of this ordinance shall be fined not more than $100.00 for each violation."

court from the judgment denying their application for a writ of mandamus.

The dispositive question for this court is whether the intervening passage of the ordinance prohibiting private landing sites such as the one sought by the plaintiffs renders this appeal moot. The plaintiffs' claim relates to the zoning regulations in effect at the time the commission denied their application. Under the current regulations, the plaintiffs are clearly prohibited from building a helicopter pad for their private use. Our determination as to the legality of the commission's actions under the previous regulation would therefore be futile because no actual relief could follow. Consequently, we hold that this appeal is moot.

"With certain exceptions not applicable here, 'the zoning law or regulation in effect at the time of the decision of a court is controlling as opposed to that in effect when the proceedings were instituted or when the administrative agency entered its decision upon the application.' (Footnote omitted.) *McCallum* v. *Inland Wetlands Commission,* 196 Conn. 218, 223, 492 A.2d 508 (1985); *Johnson* v. *Zoning Board of Appeals,* 2 Conn. App. 24, 27, 475 A.2d 339 (1984). Zoning disputes should not be settled on the basis of regulations which no longer exist. *Johnson* v. *Zoning Board of Appeals,* supra, 26. The policy behind this is a practical one: to do substantial justice while avoiding the necessity of protracted retrials which will ultimately have the same result. *McCallum* v. *Inland Wetlands Commission,* supra, 224." *East Lyme* v. *Waddington,* 4 Conn. App. 252, 258–59, 493 A.2d 903, cert. denied, 197 Conn. 811, 499 A.2d 61 (1985). One other practical consideration is that the court might thereby create an "instant nonconforming use."

If these principles are applied to the case before us, it is clear that the appeal must be dismissed as moot.

We, therefore, need not reach the issue of the commission's failure to conduct a timely public hearing on the plaintiffs' application within the time constraints of General Statutes § 8-7d (a). Consequently, we do not address the question of the plaintiffs' claimed automatic entitlement to approval of their application as a consequence of the commission's nonfeasance, since that approval would now be against the town's zoning regulations.

The rule is well settled that the existence of an actual controversy is essential to appellate jurisdiction. It is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. *McCallum* v. *Inland Wetlands Commission,* supra, 225. Because the relief sought by the plaintiffs would be unavailing by reason of the subsequent ordinance, the issues presented in this appeal are moot. See *Rosnick* v. *Zoning Commission,* 172 Conn. 306, 308–10, 374 A.2d 245 (1977), and cases cited therein.

The appeal is dismissed.

In this opinion the other justices concurred.