[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
Plaintiffs have appealed the action of the defendant Zoning Board of Appeals ("ZBA") of the City of West Haven ("City") in denying plaintiffs' application appealing the non-action of the City's zoning enforcement officer. CT Page 2125
Plaintiffs' appeal is taken pursuant to General Statutes 8-8. A hearing was held on April 17, 1990, at which supplemental testimony was admitted, and plaintiffs were found to be aggrieved as abutting landowners. Plaintiffs filed a supplemental brief on April 24, 1990; defendant City filed its supplemental brief on May 4, 1990; and the record was completed on May 9, 1990 with submission by the defendants of copies of the Zoning Resolution ("zoning regulations") of the City for the years 1984 and 1988.
A companion case, E. Michael Heffernan, et al v. John P. Markowich, (#264335), was consolidated with the instant action on September 28, 1989, and at the hearing of April 17, 1990, the parties acknowledged that the decision in the instant matter would be dispositive in the companion matter (#264335). Mr. Markowich, a defendant in both cases, is the landowner whose actions gave rise to the plaintiffs' filing their application with defendant ZBA.
 II.
The plaintiffs Heffernan reside at 1 Leonard Street in West Haven. The defendant Markowich resides at 457 Ocean Avenue. The two properties are adjacent to and abut each other.
In October of 1984, Markowich applied for a building permit for "storage room over [an] existing garage and carport." Construction of this addition began in the Spring of 1985 and was completed on or about April 27, 1985. By letter dated April 16th, plaintiff E. Michael Heffernan had appealed to ZBA the City's Planning Director's approval of said construction plans, but by letter dated April 23, 1985, withdrew his appeal.
Subsequently Markowich added a deck to the structure in question and still later, in 1987, extended gas service to the structure.
In October, 1987, plaintiffs, alleging violations by Markowich of the zoning regulations, requested the City's Director of Planning and its zoning enforcement officer to take action against Markowich. By letter dated October 9, 1987, the zoning enforcement officer stated that he and the then Director of Planning had inspected the addition and concluded: "There are no violations of the Zoning Regulations of the City of West Haven."
On July 15, 1988, the plaintiffs appealed the Director of Planning's decision not to act on plaintiffs' request. A hearing on plaintiffs' appeal was held on August 17, 1988, at which the Heffernans and Markowich appeared and were represented by counsel. The parties were heard and members of the public also spoke on the CT Page 2126 appeal. After some deliberation the defendant ZBA tabled the appeal in order to seek an opinion of the City's corporation counsel concerning the application of the statute of limitations to such appeal.
On September 21, 1988, the ZBA convened to decide the appeal. After further deliberation, the ZBA voted 3-2 to deny plaintiffs' appeal.
Plaintiffs then appealed the defendant ZBA's action to this court, alleging that in denying said appeal, the ZBA had acted illegally, arbitrarily and in abuse of its discretion.
 IV.
The decision of a zoning authority will only be disturbed if it is shown that it was arbitrary, illegal or an abuse of discretion. Spectrum of Connecticut, Inc. v. Planning and Zoning Commission, 13 Conn. App. 159, 164. In reviewing the proceedings of defendant ZBA, the court is not to substitute its judgment for the wide and liberal discretion vested in the local authority when acting within its prescribed legislative powers. Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 572-73.
 V.
There is no dispute that the previously existing carport and garage was a lawful non-complying structure in that it was located nearer than 5 feet to its rear and side lot lines.
Plaintiffs allege that defendant Markowich violated 93-1.1 and 93-1.2 of the zoning regulations in that the addition increased the degree of non-compliance of the structure at issue. The court finds the extension of the structure was vertical and did not encroach on the minimum setback required by the regulations. The deck, added subsequently, did not encroach further on the said minimum setback. Plaintiffs have failed to prove by a fair preponderance of the evidence that the addition at issue created a new non-compliance or increased the degree of the existing non-compliance either under 93-1, or under 2-3.4 E), currently in effect.
Plaintiffs claim that defendant Markowich violated23-4.2(b)(1) of the zoning regulations in that the addition modified the existing structure to exceed one story and to exceed 15 feet above curb level. Section 23-4.2, Permitted Obstructions in Required Yards, has been repealed and the current 2-3.5, Permitted Obstructions Within Required Yards, no longer contains the limitations as to stories and feet found in 23-4.2(b)(1). The court here must base its decision on the zoning regulation as CT Page 2127 it presently exists, not the regulation in effect at the time of the activity complained of, or when the ZBA denied plaintiffs' application. McCallum v. Inland Wetlands Commission, 196 Conn. 218,223-24. The court must apply the current 2-3.5, which sets no limitation as to number of stories or of feet above curb level, and plaintiffs' claim regarding violation by defendant Markowich of 23-4.2(b)(1) must fail.
The subject property, 457 Ocean Avenue, fronts on Long Island Sound. Plaintiffs have alleged that defendant Markowich violated General Statutes 22a-105(b) and 64-1.2 of the zoning regulations in failing to file a coastal site plan for a variance with the defendant ZBA.
The City's Director of Planning certified in November, 1984, that the construction to be undertaken by the defendant Markowich was exempt from the requirements of a coastal site plan review under 64-1.3 of the zoning regulations.
Among the exemptions listed under 64-1.3 are:
 "2. Minor additions to or modification of existing buildings or detached accessory buildings, such as garages and utility sheds;
 3. Construction of new or modification of existing structures incidental to the enjoyment and maintenance of residential property including. . .detached accessory buildings.
The addition in question could reasonably be exempted under either of the above-cited exemptions. Plaintiffs have failed to establish that defendant ZBA, in denying their appeal with regard to the alleged violation of the coastal site plan review requirements, acted illegally, arbitrarily or in abuse of its discretion.
Plaintiffs' claims with regard to alleged violations of their constitutional rights were neither briefed nor argued and are deemed abandoned.
Plaintiffs' allegations that defendant Markowich violated21-1(c)(d) and (g) of the regulations must fail. These regulations have since been repealed and in any event are or were part of a statement of general purposes, violation of which could only be established by proof of violation of specific provisions of the zoning regulations. Plaintiffs have failed to establish such proof.
Plaintiffs allege that installation of a heating system CT Page 2128 constitutes a violation of 71-5.2(c) of the zoning regulations. However, the installation of a heating system is not the sort of change, amendment or addition contemplated by 71-5.29c). The said installation of a heating system is not a matter of zoning but of the building code. It is simply not the function of the ZBA to enforce the building code. Plaintiffs have failed to show by a fair preponderance of the evidence that defendant Markowich violated 71-5.2(c) of the zoning regulations.
 VI.
Plaintiffs have failed to establish, by a fair preponderance of the evidence, that defendant Zoning Board of Appeals of the City of West Haven acted illegally, arbitrarily or capriciously in denying plaintiffs' application of July 15, 1988, appealing the decision of the City's Director of Planning.
Judgment, accordingly, may enter in favor of the defendants.
John T. Downey, Judge