[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks an order of mandamus against the defendant ordering the defendant to issue a Certificate of Approval of a Resubdivision known as "Resubdivision Plan and Site Development Plan of Land of Plaintiff. . ." Defendant refuses to issue such certificate.
Prior to October 13, 1988, plaintiff submitted an application to the defendant for a resubdivision known as "Rosewood Subdivision" of plaintiff's property located on the south side of Interstate 95 in the Town of Old Lyme, Connecticut. Plaintiff's application was received by the defendant on October 13, 1988, the next regular meeting following the submission of the application.
Because of numerous requests for needed information and because of claimed deficiencies in the plan submitted, plaintiff, at the request of defendant, made revisions and supplied the requested information until January 12, 1989, when the defendant received the completed and revised plans. Thereafter, a public hearing was held on February 9, 1989. Plaintiff's application was denied on May 11, 1989.
At no time prior to the public hearing did plaintiff demand a public hearing or object to any requested revisions of its plan and the request for additional information. Further, plaintiff made no formal objection or claim at the February 9, 1989 hearing that such hearing was improper.
After the denial of its application, plaintiff raised the claim that the defendant failed to follow the provisions of Connecticut General Statutes Section 8-26b which required that the public hearing on plaintiff's application should have been held within 65 days of October 13, 1988, when defendant first received plaintiff's application. Therefore, plaintiff seeks an order of mandamus directing the defendant to issue a certificate approving the resubdivision CT Page 4884 application.
Defendant objects to plaintiff's demands on the grounds (1) that the issue of mandamus is moot (see defendant's motion to dismiss); (2) that, if the issue is not moot, defendant did not receive a complete application from the plaintiff until January 12, 1989; (3) that a hearing was held on February 9, 1989 within 65 days of the receipt of the application; and (4) plaintiff impliedly consented to any delays in the hearing by revising its plans and submitting additional information requested by the defendant until its completed plans were filed on January 12, 1989.
Subsequent to the hearing on plaintiff's application and before trial of this matter, a portion of plaintiff's property, necessary to a widening of Interstate 95, was taken by the State of Connecticut by condemnation. Because of such taking, the plaintiff is no longer the owner of the entire property covered by the application.
In mandamus, the factual situation existing at the time the writ is to issue governs. M L Homes, Inc. v. Zoning and Planning Commission, 187 Conn. 232, 246 (1982). Since the plaintiff is no longer the owner of all the property involved in the resubdivision application because of the condemnation of a portion of such property by the State of Connecticut, the resubdivision is not viable and the issuance of a writ of mandamus is accordingly moot. See Hegyi v. Planning and Zoning Commission, 14 Conn. App. 365 (1988).
The plaintiff claims that the issuance of the certificate is not moot as the subdivision would enhance the value of the property condemned, which issue is the subject of an appeal taken by the plaintiff from the condemnation.
Plaintiff's claim that the approval of the subdivision would have increased the value of the property taken does not justify the issuance of a writ of mandamus in this matter. In its appeal of the condemnation matter, plaintiff can offer evidence of value of the condemned land based upon its claim that the certificate of approval should have been and would have been issued if there had not been any taking by the State of Connecticut. Therefore, the Court, in determining the value of the land taken from the plaintiff, can determine for itself whether plaintiff should have received approval of its resubdivision application and assess value on the land taken in accordance with its decision.
For reasons stated, judgment is entered for the defendant. CT Page 4885
VASINGTON, J.