[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I FACTS
The plaintiffs, Angelo C. Memoli, Gene A. Memoli and Angelo C. Memoli and Gene A. Memoli, Trustees under a Trust Indenture of Anthony J. Memoli, appeal from the denial of a subdivision application by the defendant Planning and Zoning Commission of the Town of Newtown.
The proposed subdivision concerns a 20.14 acre parcel located adjacent to Route 25 (South Main Street), after the Monroe town line.
The plaintiffs proposed to create a subdivision consisting of eight conforming building lots and a 620 foot cul-de-sac designated "Abbey Lane." (ROR 44). CT Page 11091
Seven of the eight lots have access to Abbey Lane, while one lot enjoys frontage on South Main Street.
Due to topography, in order to construct Abbey Lane in accordance with the Newtown Road Ordinance, § 2.02[1] (Exhibit 1, p. 2), 22, 000 cubic yards of material must be removed both from the proposed road and outside the 50 foot right of way. (ROR 1, p. 5; ROR 2, p. 30).
In 1997, the plaintiffs had attempted, unsuccessfully, to subdivide the same parcel.
The defendant Planning and Zoning Commission of the Town of Newtown rejected that proposal on December 4, 1997, citing two reasons for the rejection: (1) failure to set aside 10 percent of the total area of the subdivision as open space, as required by § 4.05.100 of the Newtown Subdivision Regulations; and (2) a driveway grade exceeded the 15 percent grade limitation, required by subdivision regulation 4.06.100 (ROR 47).
The revised subdivision proposal addressed the open space requirements of the subdivision regulations (ROR 38; ROR 44), and corrected the driveway grade (ROR 1, p. 2).
A public hearing was convened on May 21, 1998, afterproper notice (ROR 8), and continued on June 18, 1998.
Following the close of the public hearing onJune 18, 1998, but prior to its vote on the subdivision application, the commission received two letters from its attorney (ROR 19; ROR 20).
The first communication, dated June 29, 1998 (ROR 20), concerned the applicability of the Newtown Road Ordinance, Zoning Regulations and Sand and Gravel Regulations on the construction of subdivision roads.
A supplemental opinion was provided concerning the applicability of the Sand and Gravel Regulations to cuts and fills adjacent to subdivision roads.
Reference was made to § 1.05.100 of the Sand and Gravel Regulations (ROR 47, p. 2).
Counsel previously had indicated (ROR 20, p. 2) that sand and CT Page 11092 gravel ordinances "usually do not cover road construction because that subject is generally controlled by other regulations, mainly the subdivision regulations and the road construction ordinances."
While opining that the ordinance is "ambiguous," the July 10 letter stated "I would think that the intent of the ordinance was not to include this type [road construction] of activity. . . ." (ROR 19).
On August 6, 1998, the commission voted to deny the subdivision application, citing three (3) reasons (ROR 7, p. 2):
 1. The earthwork calculations for Abbey Lane "Abbey Ridge Estates" demonstrates that the amount of grading and removal of earth materials from seven of the eight proposed lots is greater than 200 cubic yards. Such removal is not permitted by the Newtown Zoning Regulations at Section 1.05.100 of the Sand and Gravel Regulations and does not comply with the Land Subdivision Regulations at Section 2.06.
 2. The proposed grading activity is extensive and is not in keeping with the purpose and intent of the Zoning Regulations at Section 1.01.200 of the Sand and Gravel Regulations which is to provide for the maintenance and preservation of existing elevations and contours . . . in appropriate cases. The Commission finds that the removal of 22, 088 cubic yards of material from the site is excessive in quantity and is not consistent with the Newtown Zoning Regulations as cited or the Land Subdivision Regulations at Section 2.03.
 3. The commission finds that the grading activity will preserve few, if any, trees in the front yards of the proposed building lots. The record map does not include any tree plantings as required by Section 4.05.900 of the Land Subdivision Regulations.
The minutes of the August 6, 1998 meeting also reflect the commission's position that the regulations are not "ambiguous" as written (ROR 7, p. 1), notwithstanding the opinion of its attorney.
The plaintiffs have appealed, claiming that the commission's decision is arbitrary, illegal and in abuse of the discretion CT Page 11093 vested in the commission by law.
 II AGGRIEVEMENT
The plaintiffs are the owners of the property which is the subject of the subdivision application (ROR 40, testimony of Angelo Memoli).
Aggrievement is a jurisdictional matter, and a prerequisite for maintaining an appeal. Winchester Woods Associates v.Planning Zoning Commission, 219 Conn. 303, 307 (1991). "[T]he question of aggrievement is one of fact. . . . Hughes v. TownPlanning Zoning Commission, 156 Conn. 505, 508 (1968).
A party claiming aggrievement must satisfy a well established two-fold test: (1) he has a specific personal and legal interest in the subject matter of the decision, as distinct from a general interest such as concern of all members of the community as a whole; and (2) he must show that his specific, personal interest has been specifically and injuriously affected by the action of the commission. Hall v. Planning Commission, 181 Conn. 442, 444
(1980).
Ownership of the property which is the subject of the proposed subdivision demonstrates "a specific personal and legal interest in the subject matter of the decision." Huck v. InlandWetlands Watercourses Commission, 203 Conn. 525, 530 (1987).
The denial of the resubdivision application has specifically and injuriously affected the plaintiffs' interest.
The plaintiffs are, therefore, aggrieved by the decision of the Planning and Zoning Commission of the Town of Newtown.
 III STANDARD OF REVIEW
In reviewing a subdivision application, a planning commission or a combined planning and zoning commission, acts in an administrative capacity rather than in a legislative or quasi-judicial capacity. J M Realty Co. v. Norwalk,156 Conn. 185, 190 (1968); Reed v. Planning Zoning Commission,
CT Page 11094208 Conn. 431, 437 (1988); Forest Construction Co. v. Planning ZoningCommission, 155 Conn. 669, 674 (1967).
In passing upon subdivision plans, the commission is limited by the regulations which it has adopted for its guidance. If a plan conforms to the existing regulations, the commission has no choice but to approve it. Westport v. Norwalk, 167 Conn. 151, 157
(1974); R.K. Development Corporation v. Norwalk, 156 Conn. 369,375-76 (1968); Gagnon v. Municipal Planning Commission,10 Conn. App. 54, 57 (1987).
Because, in this case, the commission has stated reasons for its decision, "the question for the court to [determine is] . . . whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the commission is required to apply under the zoning regulations." DeMaria v. Planning Zoning Commission,159 Conn. 534, 540 (1970); Zieky v. Town Plan Zoning Commission,151 Conn. 265, 267-68 (1963).
If any of the stated reasons would support the action of the commission, the plaintiffs' appeal must fail. Blakeman v.Planning Commission, 152 Conn. 303, 306 (1965); CrescentDevelopment Corporation v. Planning Commission, 148 Conn. 145,150 (1961).
The commission is endowed with liberal discretion and its actions are subject to review by a court only to determine if it acted unreasonably, arbitrarily or illegally. Schwartz v.Planning Zoning Commission, 208 Conn. 146, 1522 (1988); Thornev. Zoning Board of Appeals, 156 Conn. 619, 620 (1968).
Because zoning ordinances are in derogation of the common law right of an owner of real property to use his property as he wishes, they are to be strictly construed. Planning ZoningCommission v. Craft, 12 Conn. App. 90, 96 (1987); Melody v. ZoningBoard of Appeals, 158 Conn. 516, 521 (1969); Schwartz v. Planning Zoning Commission, supra, 153.
Although the position of a municipal agency is entitled to some deference, Coppola v. Zoning Board of Appeals,23 Conn. App. 636, 640 (1990), the interpretation of the provisions of a municipal ordinance is a question of law for the court. Pascalev. Board of Zoning Appeals, 150 Conn. 113, 116-17 (1962). CT Page 11095
 IV FAILURE TO PRESERVE TREES IS INSUFFICIENT REASON FOR DENIAL
Both at trial and in its brief (p. 20), the commission has implicitly abandoned this reason as a viable basis for sustaining its denial of the subdivision application.
A planning commission has no authority over subdivisions except for that expressly granted in the subdivision statutes, §§ 8-25 and 8-26 of the Connecticut General Statutes. Any action must be expressly authorized by statute. PeninsulaCorporation v. Planning Zoning Commission, 151 Conn. 450, 452
(1964).
It takes little insight to realize that subdivision roads can not be built, nor can houses, driveways, septic systems and other improvements be constructed, without some cutting of trees.
Sections 8-25 and 8-26 do not permit the denial of an application because tree removal is required.
Not only is this reason "questionable" as the commission concedes, it finds no support in the record before the commission.
 V SECTION 1.01.200 OF THE SAND AND GRAVEL REGULATIONS WILL NOT SUPPORT DENIAL OF THE SUBDIVISION APPLICATION
The commission relied upon § 1.01.200 of the Newtown Sand and Gravel Regulations as an independent ground for denying the plaintiffs' subdivision application.
That reliance is misplaced.
Provisions of the Newtown Sand and Gravel Regulations must be complied with before a subdivision can be approved pursuant to § 3.09.100[2] of the Newtown Land Subdivision Regulations.
Section 1.01.200, a general statement of purposes and objectives, reads:
 These regulations shall . . . provide for the maintenance CT Page 11096 and preservation of existing elevations and contours and for the establishment of proposed elevations and contours in appropriate cases subject to the provisions of these regulations.
Subdivision regulations "must contain known and fixed standards applying to all cases of a like nature, and must conform to the [basic] principle that a regulation, like a statute, cannot be too general in its terms." Sonn v. PlanningCommission, 172 Conn. 156, 159-60 (1976); Aunt Hack RidgeEstates. Inc. v. Planning Commission, 160 Conn. 109, 115-16
(1970).
General policy statements contained in subdivision regulations cannot form a sufficient basis for rejection of a subdivision application. TLC Development, Inc. v. Planning Zoning Commission, 215 Conn. 527, 530 n. 2 (1990); SowinAssociates v. Planning Zoning Commission, 23 Conn. App. 370,376 (1990).
Therefore, § 1.01.200 can not provide a sufficient basis for denial of the subdivision application, standing alone.
It can only be considered in conjunction with the one remaining reason advanced by the commission.
 VI SECTION 1.05.100 OF THE SAND AND GRAVEL REGULATIONS DOES NOT APPLY To ROAD CONSTRUCTION
Section 1.05.100 of the Sand and Gravel Regulations provides:
 No more than 200 cubic yards of earth materials shall be removed from each such lot in addition to an amount equal to the volume of the building foundation, sewage disposal system and, if applicable, a water storage tank for fire suppression, or other structures being constructed below grade, or a drainage basin approved by the commission.
The plaintiffs contend that this section applies to work on approved building lots, and is not applicable to road construction.
They argue that § 1.05, by its terms, applies to a CT Page 11097 "residential building lot," and that no permit may issue for the construction of a residential dwelling until a street "accepted for public use" provides access to the lot (Ex. 1, p. 27, § 10.01).
The record reveals that the development of individual subdivision lots requires less than 200 cubic yards to be removed from each lot.
However, the town engineer determined that if the material removed from each lot incident to the construction of Abbey Lane is included in the calculation, the 200 cubic yard limit is exceeded. (ROR 30).
The plaintiffs also maintain that road construction involves a "structure being constructed below grade," and is, therefore, exempt within the exclusions in the regulation.
The commission insists that the regulation applies to road construction, and that the removal of more than 200 cubic yards of material from a proposed subdivision lot violates the regulation and justifies rejection of the subdivision proposal.
As a preliminary matter, the court agrees with counsel for the commission (ROR 19) and the plaintiffs that the regulation in question is ambiguous, notwithstanding the pronouncement of the commission (ROR 7, p. 1).
No definition of "lot" is found in either the Newtown Sand and Gravel Regulations, or the Newtown Subdivision Regulations.
The Newtown Zoning Regulations define a "Lot" as a "parcel of land . . . occupied by one principal building or devoted to one principal use. . . ." (ROR 47, pp. 5-6).
Those same regulations define a "Lot corner" and "lot frontage" both with reference to streets.
The regulations also provide that "[t]he mere recording or filing of a map in the Town Clerk's Office shall not constitute the creation of a lot." (ROR 47, Zoning Regulations, § 2.12.1).
The question of whether a particular regulation applies to a given set of facts is a question of statutory interpretation. The CT Page 11098 principles of statutory construction are, therefore, available to aid in the construction of an ambiguous ordinance or regulation.East Lyme v. Waddington, 4 Conn. App. 252, 259 n. 2 (1985); Aaronv. Conservation Commission, 183 Conn. 532, 537 (1981).
The court is not bound by an interpretation of the regulation by the municipality. Schwartz v. Planning Zoning Commission, supra, 152-53.
"When two constructions are possible, courts will adopt the one which makes the [ordinance] effective and workable, and not one which leads to difficult and possibly bizarre results."Muller v. Town Plan Zoning Commission, 145 Conn. 325, 331
(1958); Milano v. Warden, 166 Conn. 178, 187 (1974).
A court must presume that a reasonable and rational result was intended, and "[t]he law favors rational and sensible statutory construction. . . . The unreasonableness of the result obtained by the acceptance of one possible alternative interpretation . . . is a reason for rejecting that interpretation in favor of another which would provide a result [which] is more reasonable." Maciejewski v. West Hartford,194 Conn. 139, 151-52 (1984).
It seems clear, both from the language of the regulation and the legislative history, that its purpose is to prevent the development of residential building lots which require extensive cutting and filling in order to be suitable for residential development.
Because no building permit may issue until a lot is served by a street which has been accepted for public use, a "residential building lot" within the meaning of § 1.05.100 does not exist until after a street has been accepted and is usable.
The refusal to apply § 1.05.100 to road construction further avoids redundancy, and is consistent with the interpretation initially suggested by the commission's attorney (ROR 20).
Road construction is the subject of extensive regulation and control in the Zoning Regulations, the Newtown Subdivision Regulations, and the Newtown Road Ordinance (ROR 2, p. 35).
While the failure of the commission to cite § 1.05.100 CT Page 11099 when denying the plaintiffs' 1997 application does not prevent it from doing so following receipt of the second application, the omission does lend credence to the plaintiffs' belief that the commission has arbitrarily reached out for an inapplicable regulation as a basis for denying the subdivision application.
It is found that § 1.05.100 of the Newtown Sand and Gravel Regulations does not apply to the construction of subdivision roads, and was, therefore, improperly applied to the facts of this case by the defendant Planning and Zoning Commission of the Town of Newtown.
Because the plaintiffs' application complies in all respects with the applicable regulations, the appeal is sustained, and the commission is ordered to approve the subdivision, as proposed.
Radcliffe, J.