A.D.A.M. LAND DEVELOPMENT CORPORATION *v.* CONSERVATION COMMISSION OF THE TOWN OF CHESTER ET AL.
(7827)

DALY, NORCOTT and FOTI, Js.

Argued December 11, 1989—decision released March 27, 1990

*E. A. Augustine,* for the appellant-appellee (defendant).

*David M. Royston,* for the appellee-appellant (plaintiff).

FOTI, J. This appeal concerns the denial by the defendant Chester Conservation Commission (commission)[1] of the plaintiff's application to construct a proposed roadway that would cross an inland wetland at two separate locations (hereafter referred to as the western crossing and the eastern crossing), and the plaintiff's subsequent appeal to the Superior Court from that denial. The commission claims error in that portion of the Superior Court's judgment that overruled its denial of the plaintiff's application for the western crossing. The plaintiff has cross appealed from that portion of the judgment that upheld the commission's denial of its application for the eastern crossing.

The commission claims that the trial court erred (1) in substituting its judgment for that of the defendant,

---

[1] A second defendant, the commissioner of the department of environmental protection, did not file an appearance at trial and is not a party to this appeal. We will refer in this opinion to the Chester Conservation Commission as the defendant.

(2) in failing to remand the matter for further proceedings, and (3) in concluding as it did on the evidence before it. The plaintiff, in its cross appeal, alleges that the trial court erred (1) in determining that General Statutes § 22a-41 (b) applies to municipal inland wetlands agencies, and (2) in determining that General Statutes § 22a-41 (b) was legally applicable to the plaintiff's application. We find error in the trial court's failure to remand.

On March 1, 1987, the plaintiff filed an application with the commission to construct a roadway that would cross an inland wetland at two separate locations some distance apart. The plaintiff asserts that this roadway would provide the only access to ten residential building lots on a piece of property containing approximately thirty-seven acres.

On July 1, 1987, while the plaintiff's application was pending, Public Acts 1987, No. 87-533, came into effect, making changes to the Wetlands and Watercourses Act including the addition of subsection (b) to General Statutes § 22a-41.[2] The commission, acting as an inland wetlands agency, held a public hearing on July 6, 1987. In its decision dated September 8, 1987, following the guidelines of § 22a-41 (b), the commission held that it was unable to find that feasible and prudent alternatives to the proposed roadway did not exist.

The trial court dismissed the plaintiff's appeal of the commission's decision. Thereafter, however, the same court granted the plaintiff's motion to open or set aside

[2] General Statutes § 22a-41 provides in pertinent part: "(b) In the case of an application which received a public hearing, a permit shall not be issued unless the commissioner finds that a feasible and prudent alternative does not exist. In making his finding the commissioner shall consider the facts and circumstances set forth in subsection (a). The finding and the reasons therefor shall be stated on the record."

the judgment, and sustained the plaintiff's appeal as to the western crossing, but maintained its dismissal of the appeal as to the eastern crossing.

I

THE DEFENDANT'S APPEAL

A

The commission first claims that the court erred in substituting its judgment for that of the commission. The commission asserts that the court usurped its function in finding that it had acted illegally, arbitrarily or so unreasonably as to have abused its discretion in not having divided the application itself.

The record indicates that the commission and the soil conservation service made site inspections. After these inspections, the public hearing on the plaintiff's application was held open for three weeks to allow written comments to be submitted by the commission's engineers, Christman Associates, Inc. On August 5, 1987, the plaintiff agreed to an extension of the commission's thirty day deadline. On September 8, 1987, Christman submitted a report based on a review of the applicant's plans. The report briefly described four alternative routes over the eastern portion of the land with varying degrees of impact on the inland wetlands that were located within the subdivision. The route proposed by the plaintiff in his application was listed as the first alternative. The report indicated, however, that the fourth alternative would be the preferred route for the eastern crossing if the primary objective was to conserve inland wetlands.

The plaintiff's application clearly sought two inland wetland crossings, however. It was not until the court reviewed the entire record a second time that it determined that the commission had considered only the alternate routes to the eastern crossing, and that the

western crossing had received no separate consideration in spite of the apparent approval of this crossing by the commission's own engineer.[3]

Clearly, the application was never severed by the trial court as claimed by the commission. Rather, the court correctly found that the plaintiff sought permission for a single road that would make two separate crossings across an inland wetland. It further recognized that the commission's own engineer had come to different conclusions as to each of the proposed crossings and, consequently, that the engineer's report was, "in fact, evidence that no other prudent and feasible alternative existed with regard to this second or westerly most crossing of the wetlands." The court finally determined that there are, in fact, two separate crossings, that the commission should have made a separate decision as to each of the wetland crossings and that, because the commission did not do so, its action was illegal.

It is our conclusion that the trial court properly based its holding on the record before it, and that, because the commission had never considered the feasibility of the western crossing, the court did not err when it sustained the plaintiff's appeal as to the western wetland crossing.

## B

The commission next claims that the trial court erred when it failed to remand the matter to the commission for further proceedings. We agree. After finding that the commission had failed to consider the western crossing, the trial court should have remanded the mat-

---

[3] In this regard, the report stated: "There are no feasible alignment alternatives to access the western portion of the property that would not cross a wetland, due to the narrow wetland extending across the property. An existing crossing of this wetland would involve major reconstruction of the area to be used. The proposed crossing of this wetland appears to be in the optimum location."

ter to the commission with direction to consider and decide that wetland crossing separately, or, in other words, to remand for the commission to take action consistent with the trial court's decision.

It is the function of the commission, first, to find facts as to whether evidence of the unavailability of possible and prudent alternatives was sufficiently persuasive to satisfy General Statutes § 22a-41 (b), second, in light of the criteria enumerated under § 22a-41 (a), to decide whether to grant or deny the application for the western wetland crossing, and, if granted, to determine whether that permit should contain special terms, conditions, limitations or modifications of the regulated activity, as provided for in § 22a-42a (d).

## C

The commission's final claim of error is that the trial court exceeded its authority by substituting its judgment for that of the commission. Specifically, the commission claims that the court erred when it concluded that the evidence supported a finding that no prudent and feasible alternative existed with respect to the western crossing. We cannot agree. The trial court's decision does not "find as a fact" that no feasible and prudent alternative existed. Rather, the court merely concluded that the commission failed to consider *separately* specific evidence, i.e., its own engineer's report as to the western wetland crossing, and, consequently, that it failed to decide *separately* that it could not find, on the basis of § 22a-41 (b), "that feasible and prudent alternatives do not exist" to that crossing before it denied the application.

The trial court properly discharged its duty to both parties by its review of the actions of the commission with respect to *each* crossing requested in the plaintiff's application.

## II

### THE PLAINTIFF'S CROSS APPEAL

#### A

The plaintiff claims that the trial court erred in determining that the provisions of General Statutes § 22a-41 (b) are applicable to municipal inland wetlands agencies, such as the commission. Specifically, the plaintiff asserts that § 22a-41 (b) applies only to the commissioner of environmental protection.

Although the plaintiff agrees that Public Acts 1987, No. 87-533, which added subsection (b) to § 22a-41, is comprehensive in nature, it claims that because the legislature did not add corresponding changes to the provisions of § 22a-42a (d),[4] the power vested in the

---

[4] General Statutes § 22a-42a (d) provides: "In granting, denying or limiting any permit for a regulated activity the inland wetlands agency shall consider the factors set forth in section 22a-41, and such agency shall state upon the record the reason for its decision. In granting a permit the inland wetlands agency may grant the application as filed or grant it upon such terms, conditions, limitations or modifications of the regulated activity, designed to carry out the policy of sections 22a-36 to 22a-45, inclusive. No person shall conduct any regulated activity within an inland wetland or watercourse which requires zoning or subdivision approval without first having obtained a valid certificate of zoning or subdivision approval, special permit, special exception or variance or other documentation establishing that the proposal complies with the zoning or subdivision requirements adopted by the municipality pursuant to chapter 124 to 126, inclusive, or any special act. The agency may suspend or revoke a permit if it finds after giving notice to the permittee of the facts or conduct which warrant the intended action and after a hearing at which the permittee is given an opportunity to show compliance with the requirements for retention of the permit, that the applicant has not complied with the conditions or limitations set forth in the permit or has exceeded the scope of the work as set forth in the application. The applicant shall be notified of the agency's decision by certified mail within fifteen days of the date of the decision and the agency shall cause notice of their order in issuance, denial, revocation or suspension of a permit to be published in a newspaper having a general circulation in the town wherein the wetland and watercourse lies."

environmental protection commissioner by this act does not apply to local inland wetlands agencies. To support its claim, the plaintiff points out that the legislature did not specifically add the identical language to § 22a-42a (d).

While it is true that § 22a-41 is entitled "Factors for consideration of commissioner" and that both subsections (a) and (b) speak in terms of what "the commissioner" is required to do, § 22a-42a (d) makes it clear that § 22a-41 applies to the commissioner as well as to municipal inland wetlands agencies. Further, the express language of Public Acts 1987, No. 87-533, § 6 (d),[5] makes it obvious that by using the phrase "as

---

[5] Public Acts 1987, No. 87-533, § 6 (d), provides: "In granting, denying or limiting any permit for a regulated activity the inland wetlands agency shall consider the factors set forth in section 22a-41, AS AMENDED BY SECTION 4 OF THIS ACT, and such agency shall state upon the record the reason for its decision. In granting a permit the inland wetlands agency may grant the application as filed or grant it upon such terms, conditions, limitations or modifications of the regulated activity, designed to carry out the policy of sections 22a-36 to 22a-45, inclusive, AS AMENDED BY THIS ACT, AND SECTIONS 12 AND 13 OF THIS ACT. NO PERSON SHALL CONDUCT ANY REGULATED ACTIVITY WITHIN AN INLAND WET- LAND OR WATERCOURSE WHICH REQUIRES ZONING OR SUBDI- VISION APPROVAL WITHOUT FIRST HAVING OBTAINED A VALID CERTIFICATE OF ZONING OR SUBDIVISION APPROVAL, SPECIAL PERMIT, SPECIAL EXCEPTION OR VARIANCE OR OTHER DOCU- MENTATION ESTABLISHING THAT THE PROPOSAL COMPLIES WITH THE ZONING OR SUBDIVISION REQUIREMENTS ADOPTED BY THE MUNICIPALITY PURSUANT TO CHAPTER 124 TO 126, INCLUSIVE, OR ANY SPECIAL ACT. The agency may suspend or revoke a permit if it finds after giving notice to the permittee of the facts or con- duct which warrant the intended action and after a hearing at which the permittee is given an opportunity to show compliance with the requirements for retention of the permit, that the applicant has not complied with the conditions or limitations set forth in the permit or has exceeded the scope of the work as set forth in the application. The applicant shall be notified of the agency's decision by certified mail within fifteen days of the date of the decision and the agency shall cause notice of their order in issuance, denial, revocation or suspension of a permit to be published in a newspa- per having a general circulation in the town wherein the wetland and water- course lies. [A copy of such permit and order shall be sent to the

amended by section 4 of this Act,"[6] the legislature intended that § 22a-41 would apply both to the commissioner and to municipal inland wetlands agencies.

### B

The plaintiff next claims that the court erred in determining that § 22a-41 (b) applied to its permit application. On February 1, 1988, while the plaintiff's appeal of the commission's opinion was pending in the Superior Court, the commission adopted a regulation identical to the provisions of General Statutes § 22a-41 (b). In weighing the commission's denial of the plaintiff's application, the court held the commission to the standard of review encompassed in its newly adopted regulation. The court held that the regulations in effect at the time of the Superior Court's decision controlled under the rule of *McCallum* v. *Inland Wetlands Commission,* 196 Conn. 218, 492 A.2d 508 (1985). We agree.[7]

In its appeal to this court, the plaintiff has attempted to distinguish *McCallum* from the present case by

commissioner of environmental protection no later than ten days after the issuance of the permit and order provided failure to submit such permit and order shall not impair the validity of such permit and order.]"

[6] Section 4 of Public Acts 1987, No. 87-533, amended General Statutes § 22a-41 by adding the present subsection (b).

[7] We recognize that Public Acts 1989, No. 89-311, which provides in part that "any appeal from the decision of [an inland wetlands agency] with respect to . . . [an] application shall not be dismissed by the superior court on the grounds that such a change has taken effect on or after the date of such decision," may at some later date be held to overrule that portion of the *McCallum* decision that we rely on in this case. It must be noted, however, that this public act did not become effective until October 1, 1989. Because the trial court's final decision was rendered on January 30, 1989, that court was not bound by the dictates of this enactment. In addition, Public Acts 1989, No. 89-311, was a new enactment rather than an act that was passed to clarify an existing statute. While it may well have been enacted to change a rule engrained in nearly five years of case law, "[s]uch a change in the law must presumptively be applied prospectively." *Darak* v. *Darak,* 210 Conn. 462, 473, 556 A.2d 145 (1989).

asserting that, unlike the plaintiff in *McCallum,* it is being subjected to a more stringent standard of review on appeal. We do not agree.

It was well within the province of the commission in this case to adopt a regulation that provides for "criteria and procedures for the review of applications . . . ." See General Statutes § 22a-42a (a) (4). Further, the regulation in question neither extended nor expanded the jurisdiction of the commission over the plaintiff. Where the original regulations are no longer of any force, determination of their effect and validity would be futile because no actual relief could follow. *McCallum* v. *Inland Wetlands Commission,* supra, 223.

There is error in part on the appeal and no error on the cross appeal, that portion of the judgment dealing with the western crossing is set aside and the case is remanded to the trial court with direction to remand the case to the commission for further consideration of the plaintiff's application as to the western crossing not inconsistent with the trial court's decision.

In this opinion the other judges concurred.