[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal pursuant to section 8-8 from the decision of the defendant, Zoning Commission, Town of Stratford (Commission), denying the plaintiff Frederick vom Saal's application for a coastal site plan. The application was denied on the ground that it "was inconsistent with the goals and policies of the coastal management act" (CMA).
On October 5, 1990 plaintiff applied to the Board of Zoning Appeals of the Town of Stratford (Board) for a variance. (Plaintiff's Brief, p. 2). On the same day plaintiff submitted an application for review of a coastal site plan for 73 Beach Avenue, Stratford, Connecticut (Plaintiff's Brief, p. 2; see ROR, Exh. 1). On November 13, 1990 a hearing was held on plaintiff's variance and coastal site plan applications. On November 15, 1990 the Board approved plaintiff's variance application with a stipulation. The stipulation required the Commission to approve a coastal site plan application prior to any building permits being issued. (Plaintiff's Brief, p. 4).
Subsequently, on December 10, 1990 the Commission held an administrative session on plaintiff's coastal site plan. (ROR, Exh. 12). On December 14, 1990 the Commission denied plaintiff's coastal site plan application. (ROR, Exh. 12).
Notice of decision was published on December 20, 1990 in the Bridgeport Post (ROR, Exh. 8). General Statutes 8-8 (b) (Rev. to 1989, as amended by Conn. Pub. Act No. 89-356 (1989)) states in pertinent part that "an appeal shall be taken within fifteen days from the date that notice of the decision was published. . . . The appeal shall be commenced and returned to CT Page 10862 court in the same manner as prescribed for civil actions. . . ." The defendants were served on January 4, 1991. The appeal was within the statutory time limit. See Conn. Pub. Acts No. 90-286, 1, 3, 9 (1990) (appeals pending on June 8, 1990 are to be considered timely is served within fifteen-day appeal period).
An owner of the subject property is aggrieved and entitled to appeal. See Bossert Corp. v. Norwalk. 157 Conn. 279, 285,253 A.2d 39 (1968). The plaintiff alleges and the Commission admits that plaintiff owns the land involved. Therefore, it is found that the plaintiff is aggrieved under General Statutes8-8.
"The agency's decision must be sustained is an examination of the record discloses evidence that supports any one of the reasons given" for the decision. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 539-40, 525 A.2d 940 (1987) (citations omitted). The evidence to support any such reason must be substantial. Id., 540. "This so-called substantial evidence rule is similar to the `sufficiency of the evidence' standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can reasonably be inferred. . . ." Id., 541 (citations omitted). The court is to determine whether the record reasonably supports the conclusions reached by the agency. Primerica v. PZC,211 Conn. 85, 95 558 A.2d 646 (1989).
In support of his appeal, the plaintiff argues that the Commission acted illegally, arbitrarily and in abuse of its discretion in denying the plaintiff's coastal site application because:
 a. The plaintiff's application is consistent with all applicable policies and standards of the Coastal Management Act.
 b. The Plaintiff's application is the least environmentally damaging alternative and all damaging environmental impacts have been minimized.
 c. The Commission has no jurisdiction to deny the Plaintiff's application as said application was already granted by the Board.
CT Page 10863
 d. The Plaintiff's application does not violate the provisions of the Coastal Management Act.
 e. The hearing conducted by the Commission denied the Plaintiff a fair opportunity to cross examine witnesses, inspect documents and to offer evidence in explanation or rebuttal.
ISSUE ONE
This is an appeal from the action of the Commission denying plaintiff's "Application for Review of Coastal Site Plans." (ROR, Exh. 1). This is not an appeal from a decision of the Board. The Board previously issued a decision which, according to plaintiff, granted a variance for the property and "attached the stipulation that a coastal site plan application must be submitted to and approved by the Zoning Commission prior to any building permits being issued." (Plaintiff's Appeal, p. 2).
Plaintiff claims that the Commission had no discretion to deny its application because the Board had already approved the variance and because the Board, not the Commission, is required to apply coastal area management criteria when it reviews the application for a variance. Plaintiff claims that the Coastal Management Act [the Act] envisages a single review process.
General Statutes 22a-105 states:
Coastal site plan reviews.
 (a) Coastal municipalities shall undertake coastal site plan reviews in accordance with the requirements of this chapter.
 (b) The following site plans, plans and applications for activities or projects to be located fully or partially within the coastal boundary and landward of the mean high water mark shall be defined as "coastal site plans" and shall be subject to the requirements of this chapter: (1) Site plans submitted to a zoning commission in accordance with section 22a-109; (2) plans submitted to a planning commission for subdivision or resubdivision in accordance with section CT Page 10864 8-25 or with any special act: (3) applications for a special exception or special permit submitted to a planning commission, zoning commission or zoning board of appeals in accordance with section 8-2 or with any special act: (4) applications for a variance submitted to a zoning board of appeals in accordance with subdivision (3) of section 8-6 or with any special act, and (5) a referral of a proposed municipal project to a planning commission in accordance with section 8-24 or with any special act.
 (c) In addition to the requirements specified by municipal regulations, a coastal site plan shall include a plan showing the location and spatial relationship of coastal resources on and contiguous to the site; a description of the entire project with appropriate plans, indicating project location, design, timing, and methods of construction; an assessment of the capability of the resources to accommodate the proposed use, an assessment of the suitability of the project for the proposed site: an evaluation of the potential beneficial and adverse impacts of the project and a description of proposed methods to mitigate adverse effects on coastal resources.
 (d) Municipalities, acting through the agencies responsible for the review of the coastal site plans defined in subsection (b) of this section, may require a filing see to defray the reasonable cost of reviewing, and acting upon an application.
 (e) The board or commission reviewing the coastal site plan shall, in addition to the discretion granted in any other sections of the general statutes or in any special act, approve, modify, condition or deny the activity proposed in a coastal site plan on the basis of the criteria listed in section 22a-106 to CT Page 10865 ensure that the potential adverse impacts of the proposed activity on both coastal resources and future water-dependent development activities are acceptable, The provisions of this chapter shall not be construed to prevent the reconstruction of a building after a casualty loss.
 (f) Notwithstanding the provisions of any other section of the general statutes to the contrary, the review of any coastal site plan pursuant to this chapter shall not be deemed complete and valid unless the board or commission having jurisdiction over such plan has rendered a final decision. If such board or commission fails to render a decision within the time period provided by the general statutes or any special act for such a decision, the coastal site plan shall be deemed rejected.
Section 22a-105 does require the Board, when acting on a variance application for property in a coastal boundary, to apply not only the requirements for a variance application for property in a coastal boundary, to apply not only the requirements for a variance specified by local regulation but also the coastal area management criteria specified in the Act. General statutes 22a-105 (b)(4), 22a-105 (c). It is noted that section 22a-105 also requires a zoning commission, when acting on a site plan submitted in accordance with section 22a-109, to apply only not only the requirements specified by local regulation but also the coastal area management criteria specified in the Act. General Statutes 22a-105 (b)(1),22a-105(c).
Section 22a-109 provides:
Coastal site plans. Review.
 (a) A coastal site plan shall be filed with the municipal zoning commission to aid in determining the conformity of a proposed building, use, structure, or shoreline flood and erosion control structure as defined in subsection (c), fully or partially within the coastal boundary, with the specific provisions of the zoning regulations of the CT Page 10866 municipality and the provisions of sections 22a-105 and 22a-106, and in the case of shoreline flood and erosion control structures, the provisions of sections 22a-359 to 22a-363, inclusive, and any regulations adopted thereunder. A coastal site plan required under this section may be modified or denied if it fails to comply with the requirements already set forth in the zoning regulations of the municipality and, in addition, the coastal site plan may be modified, conditioned or denied in accordance with the procedures and criteria listed in sections 22a-105 and 22a-106. A coastal site plan for a shoreline flood and erosion control structure may be modified, conditioned or denied if it fails to comply with the requirements, standards and criteria of sections 22a-359 to 22a-363, inclusive, and any regulations adopted thereunder. Review of a coastal site plan under the requirements of this section shall supersede any review required by the municipality under subsection (g) of section 8-3 and shall be in addition to any applicable zoning regulations of any special district exercising zoning authority under special act. The provisions of this section shall not be construed to limit the authority of the commissioner of environmental protection under sections 22a-359 to 22a-363, inclusive.
Plaintiff's application to the Commission describes the proposed project as follows: "This Project proposes the demolition and rebuilding of an existing beach cottage within the approx. foot print of the existing building. The use will be single family dwelling. Construction shall be wood frame on wood piles and will be built fall of 1990. Development adjacent to the site is existing or renovated beach cottages." (ROR, Exh. 1). Thus, it is clear that plaintiff seeks to erect a building in the coastal boundary and , that under these circumstances, section 22a-109 requires plaintiff to submit a coastal site plan to the Commission. See General Statutes 22a-109. This is apparently the conclusion reached by the Board when it stated that coastal site plan approval must be received from the Commission prior to the issuance of a building permit. Since this CT Page 10867 is not an appeal from the Board's decision, the court has no record of the Board's proceedings and has no opportunity to comment on the validity of the Board's decision. However, a public authority is presumed to have done its duty according to law until the contrary appears. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 537, 525 A.2d 940 (1987); Murach v. Planning and Zoning Commission. 196 Conn. 192, 205,491 A.2d 1058 (1985). Therefore, this court must assume that in acting on plaintiff's application for a variance, the Board properly applied both the requirements of the local regulations and the coastal area management criteria as required by section 22a-105. The reference by the Board to the requirement of the Commission's approval prior to the issuance of a building permit is simply a statement of the law under section 22a-109. See also Zoning Regulations, section 3.1.1.[1] In reviewing a coastal site plan submitted under section 22a-109, it is clear that the zoning commission determines the conformity of the proposed building not only with local zoning regulations but with the provisions of sections 22a-105 and 22a-106. General Statutes 22a-109 (a).
 The coastal management act delegates the administration of the state-wide policy of planned coastal development to local agencies charged with responsibility for zoning and planning decisions. See General Statutes 22a-105, 22a-106. The act envisages a single review process, during which proposals for development within the coastal boundary will simultaneously be reviewed for compliance with local zoning requirements and for consistency with the policies of planned coastal management.
General Statutes 22a-109. Vartuli v. Sotire, 192 Conn. 353,358, 472 A.2d 336 (1984).
In concluding that the Act. envisages a single review process, the court in Vartuli was referring to the requirement that a zoning commission apply both local regulations and coastal area management criteria in reviewing site plans for construction in a coastal boundary. Id., 362-63. It is noted that the Act can be said to envisage a single review process for all types of permits in that each local board or commission, in acting on the applications which it has jurisdiction to hear, must not only apply the requirements of the governing regulations but also the coastal area management criteria. See General Statutes 22a-105. However, the Act does not give zoning boards of appeals the power to act on coastal site plans CT Page 10868 required by section 22a-109. Where both a variance and coastal site plan pursuant to section 22a-109 are required, the Zoning Board of Appeals acts on the variance application as directed by8-6 and 22a-105 and the zoning commission acts on the coastal site plan application as directed by 22a-109. In so acting, both are required to apply coastal area management criteria. See General Statutes 22a-105.
The plaintiff's claim that the Commission lacks jurisdiction to act on its application, lacks merit for the reasons discussed above.
ISSUE TWO
In support of his appeal plaintiff argues that the Commission acted illegally, arbitrarily and in abuse of discretion in that the commissioner did not find that the plaintiff's application did not conform with regulations or coastal area statute. Plaintiff argues that instead the Commission based its decision on the Department of Environmental Protection's (DEP) comments in its letter dated November 13, 1990 (ROR, Exh. 4) regarding plaintiff's application and recommending denial. Plaintiff further argues that at the administrative session held on December 10, 1990, the Commission did not discuss the plan's compliance with the regulations and the coastal area management statutes. Therefore, plaintiff alleges that the Commission's decision is contrary to law because the Commission relied on factors (DEP'S recommendation) not in the regulations or statutes governing coastal site plans.
The Commission counters that it was not unreasonable to rely on the expertise of the DEP in making its decision in this case. "The board, composed of laymen, is entitled to technical and professional assistance regarding matters beyond its expertise." Spero v. Zoning Board of Appeals, 217 Conn. 435,444, 586 A.2d 590 (1991). In making its recommendations, the DEP considered and discussed the coastal area criteria outlined in sections 22a-105 and 22a-106. (ROR, Exh. 4).
In relying on the DEP's recommendations, the Commission properly based its disapproval on reasons provided for in General Statutes 22a-105 and 22a-106, as required by those sections. (See also Zoning Regulations, 3.1.1, set forth in endnote 1 below). Therefore, it is found that the Commission did not act illegally, arbitrarily and in abuse of discretion. It is found that the Commission properly relied on the DEP's recommendations in denying plaintiff's coastal site plan application.
ISSUE THREE CT Page 10869
In support of his appeal plaintiff argues that the Commission illegally denied plaintiff's application without considering whether the proposal was the least environmentally damaging alternative. The plaintiff states that the Commission should have considered the factors outlined in General Statutes22a-92 (b).
The Commission in denying plaintiff's coastal site plan application based its decision on the DEP's recommendation. It is noted that the DEP in its letter to the Commission does discuss General Statutes 22a-92 (b) (ROR, Exh. 4, p. 3). Therefore, it is found that the factors in General Statutes22a-92 (b) were considered by the Commission in reaching its decision.
Another premise of plaintiff's argument is that at the "administrative session," conducted by the Commission, the Commission did not discuss alternatives to the proposed construction. The plaintiff, relying on A.D.A.M. Land Development Corporation v. Conservation Commission, 21 Conn. App. 122,572 A.2d 364 (1990), an inlands wetlands case, states that the commission must investigate whether there are feasible alternatives available. In A.D.A.M. the court stated that General Statutes 22a-42a(b) requires a finding by the inland wetlands agencies as to the absence of a feasible and prudent alternative.
General Statutes 22a-42a(b) does not apply to zoning 3 commissions, but only to inland wetlands agencies. It is further noted that there is no statute or case law supporting plaintiff's position. Therefore, it is found that the Commission did not act illegally as claimed.
ISSUE FOUR
In support of his appeal, plaintiff argues that as an interested party he was denied a fair opportunity to cross-examine witnesses and to offer evidence in explanation or rebuttal at the administrative session held by the Commission on December 10, 1990.
The Commission counters that it is within its discretion whether or not to hold a public hearing. The Commission further states that it had before it letters rebutting the DEP's analysis from plaintiff's attorney, architect, and surveyor making it aware of plaintiff's position.
General Statutes 22a-109 (e) states: "the zoning commission may, at its discretion, hold a hearing on a coastal CT Page 10870 site plan required by this section. The Commission shall hold a hearing on a coastal site plan for a shoreline flood and erosion control structure upon the request of the Commissioner of environmental protection."
The plaintiff states that the Commission in its discretion under General Statutes 22a-109 (e) did not have to hold a hearing on plaintiff's coastal site but that in this case it should have held a public hearing. The plaintiff further states that by allowing the DEP to speak at the administrative session, the Commission essentially turned it into a public hearing. As support for this proposition, plaintiff relies on General Statutes 22a-109(b).[2] However, it is clear that the plaintiff actually intended to refer to the second sentence of 22a-109 (e) because 22a-109(b) only concerns exemptions from coastal plan review requirements. However, the sentence in section 22a-109(e) to which plaintiff appears to be referring[3] applies only to an application concerning a shoreline flood and erosion control structure which is not at issue in the case before the court. (ROR Exh. 4, p. 3.)
It is clear that under the language of General Statutes22a-109(e) the Commission at its discretion may hold a public hearing but it is not mandatory unless the DEP requests it for a shoreline flood and erosion control structure. This is not a shoreline flood and erosion control structure application. (ROR, Exh. 4, p. 3.) Therefore, even if the DEP requested a hearing in this case, it is not mandatory that the commission hold a public hearing. It is found that the plaintiff was not denied a fair opportunity to cross examine witnesses because this was not a public hearing but merely an administrative session. Further the Commission was aware of plaintiff's position, see ROR Exh. 5 6, when making its decision at the administrative session. Therefore, (1) this was not a public hearing and (2) plaintiff was not denied an opportunity to express his Points of view.
ISSUE FIVE
In support of his appeal, plaintiff argues that a complete review of the coastal area policies did not take place because the Commission allegedly only relied on the letter from the DEP, (ROR, Exh. 4) and additional comments by a DEP representative, and heard no testimony on the plaintiff's behalf.
The Commission asserts that it gave the concerns cited by the DEP as the reason for its decision. The Commission further states it was not unreasonable on its part to rely on the expertise of the DEP in making its decision in this case. CT Page 10871
This issue was discussed in section three of this memorandum of law. It is found that the Commission properly relied on the expertise of the DEP.
For the foregoing reasons, it is found that the Commission did have jurisdiction to hear the coastal site plan application. It is further found that the defendant did not act illegally, arbitrarily or in abuse of its discretion for rendering its decision. Therefore, the plaintiff's appeal is dismissed.
McGRATH, J.