PAUPACK DEVELOPMENT CORPORATION *v.* CONSERVATION COMMISSION OF THE TOWN OF NEW FAIRFIELD
(14763)

PETERS, C. J., BORDEN, NORCOTT, KATZ and PALMER, Js.

---

Argued December 7, 1993—decision released March 24, 1994*

*Gail E. McTaggart,* with whom, on the brief, was *Richard R. Talbot,* for the appellant (defendant).

*Douglas J. Lewis,* for the appellee (plaintiff).

*Richard Blumenthal,* attorney general, and *Joseph Rubin* and *Kimberly P. Massicotte,* assistant attorneys general, filed a brief for the commissioner of environmental protection as amicus curiae.

NORCOTT, J. The dispositive issue in this appeal is whether the exemption contained in General Statutes § 22a-40 (a) (2)[1] for construction of residential homes

---

* March 24, 1994, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] General Statutes § 22a-40 (a) (2) provides: "(a) The following operations and uses shall be permitted in wetlands and watercourses, as of right . . . (2) A residential home (i) for which a building permit has been issued or (ii) on a subdivision lot, provided the permit has been issued or the subdivision has been approved by a municipal planning, zoning or planning and zoning commission as of the effective date of promulgation of the municipal regulations pursuant to subsection (b) of section 22a-42a or as of July 1,

in wetlands as of right, that is, without the approval of a local wetlands authority, includes an exemption for construction in a subdivision lot approved by a local planning commission prior to July 1, 1974, for which no building permit has ever been issued. The defendant, the conservation commission of the town of New Fairfield (commission), appeals from the judgment of the trial court sustaining an appeal by the plaintiff, Paupack Development Corporation (Paupack), from the denial by the commission of an application from Paupack. That application sought to construct a single family house on a subdivision lot located in a wetland. The commission claims that the trial court incorrectly determined that: (1) § 22a-40 (a) (2) provided an as of right exemption from wetlands regulation for Paupack to construct a home on a subdivision lot in existence prior to July 1, 1974, for which a building permit had never been issued; and (2) regulations promulgated by the commission were controlling over more restrictive provisions of the Inland Wetlands and Watercourses Act, General Statutes §§ 22a-36 through 22a-45.[2] We

1974, whichever is earlier, and further provided no residential home shall be permitted as of right pursuant to this subdivision unless the permit was obtained on or before July 1, 1987 . . . ."

[2] With regard to the second claim, the commission argues that because during the pendency of this appeal it has amended its regulations to be consistent with the requirements of state law, the amended regulations are controlling, and the determination of the trial court is moot. Paupack concedes that this issue is moot. We agree.

General Statutes § 22a-42e provides: "APPLICATION FILED PRIOR TO CHANGE IN INLAND WETLANDS REGULATIONS NOT REQUIRED TO COMPLY WITH CHANGE. EXCEPTIONS. An application filed with an inland wetlands agency which is in conformance with the applicable inland wetlands regulations as of the date of the decision of such agency with respect to such application shall not be required thereafter to comply with any change in inland wetlands regulations, including changes to setbacks and buffers, taking effect on or after the date of such decision and any appeal from the decision of such agency with respect to such application shall not be dismissed by the superior court on the grounds that such a change has taken effect on or after the date of such decision. *The provisions of this section shall not be construed to apply* (1) to the establishment, amendment or change of boundaries of inland wetlands or watercourses or *(2) to any change*

reverse the judgment of the trial court and remand the case for further proceedings.

The facts are not in dispute. In October, 1991, Paupack submitted an application for a wetlands permit to the commission[3] to allow for the construction of a single family home and other improvements on certain property owned by Paupack in New Fairfield. The relevant property consisted of a lot in a subdivision that had been approved by the planning and zoning commission of the town of New Fairfield on August 5, 1959. There are wetlands on the property. A building permit has never been issued for the property. Ninety-six percent of the lots in the subdivision in which the property is located have been improved. In short, the subject property is a lot that includes wetlands, in a subdivision approved prior to July 1, 1974, for which a building permit has never been issued. After several hearings, the commission denied Paupack's application. Paupack appealed to the Superior Court, which sustained its appeal.[4] The commission appealed

in regulations necessary to make such regulations consistent with the provisions of this chapter as of the date of such decision." (Emphasis added.)

In McCallum v. Inland Wetlands Commission, 196 Conn. 218, 223–24, 492 A.2d 508 (1985), we held that the municipal regulations to be applied in a land use case are the municipal regulations in effect at the time the appellate court considers the dispute. Although McCallum was substantially overruled by § 22a-42e, it remains applicable to situations contemplated by subdivision (2) of 22a-42e.

As it is undisputed that the commission has amended its regulations to conform with the requirements of state law, this issue is moot.

[3] The commission is the inland wetlands agency for the town of New Fairfield. Pursuant to General Statutes §§ 22a-36 through 22a-45, it is the entity charged with regulating the use of inland wetlands in New Fairfield.

[4] Paupack made three claims in its appeal to the Superior Court. They were that: (1) the lot was exempt from regulation by the commission pursuant to General Statutes § 22a-40 (a) (2); (2) the commission's regulations were controlling over the more restrictive provisions of § 22a-40 (a) (2); and (3) the commission's denial of its application was not supported by substantial evidence. The Superior Court sustained Paupack's appeal on the first claim. It did not reach the claim that the denial of the application was not supported by substantial evidence. On remand, the trial court will be required to consider this remaining claim.

from the judgment of the trial court to the Appellate Court, and we transferred the appeal to ourselves pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

The commission claims that the trial court improperly concluded that § 22a-40 (a) (2) provides an exemption from wetlands regulation for subdivision lots existing prior to July 1, 1974, for which no building permit has ever been issued. It argues that certain language added to § 22a-40 (a) (2) by No. 87-533 of the 1987 Public Acts (P.A. 87-533) ended the as of right exemption for construction on preexisting subdivision lots. It argues that such an interpretation of the statute is consistent with the legislative purpose intended by the enactment of P.A. 87-533. We agree.

The statutory history of § 22a-40 (a) (2) is helpful to our resolution of this issue of statutory construction. That history reveals a clear trend in the legislature's treatment of wetlands regulation: the inclusion of properties within the regulatory scheme by the narrowing of blanket exemptions from regulatory oversight. Prior to 1974, a landowner could build a residential home in wetlands as of right, that is, without requiring approval from an inland wetlands commission, so long as there was an existing subdivision lot that had been approved prior to promulgation of required municipal regulations governing wetlands. General Statutes (Rev. to 1972) § 22a-40 (g).[5]

General Statutes (Rev. to 1972) § 22a-40 was amended by No. 73-571 of the 1973 Public Acts (P.A. 73-571) to narrow this as of right exemption. As

---

[5] General Statutes (Rev. to 1972) § 22a-40 provided in relevant part: "The following operations and uses shall be permitted in wetlands and water courses, as of right . . . (g) A residential home on a subdivision lot which subdivision has been approved as of the date of the promulgation of the municipal regulations."

amended by P.A. 73-571, General Statutes (Rev. to 1985) § 22a-40 (a) (2)[6] provided for construction of residential homes in wetlands as of right if (1) a building permit had been issued for the home, or (2) the construction was on an approved subdivision lot. Both of these exemptions were further qualified by the requirement that *either* the building permit had been issued *or* the subdivision had been approved by a municipal zoning board prior to the earlier of (1) promulgation of regulations by the municipality implementing the statute, or (2) July 1, 1974. The effect of this amendment of § 22a-40 was to establish July 1, 1974, as the latest date by which a building permit had been issued or a subdivision lot had been approved for such a property to be exempt from wetlands regulation.

General Statutes (Rev. to 1985) § 22a-40 (a) (2) was amended to its present form by P.A. 87-533. The purpose of the Inland Wetlands and Watercourses Act was to provide for the protection, preservation and maintenance of inland wetlands. See generally General Statutes § 22a-36. Public Act 87-533 added an additional qualification to the as of right exemption under § 22a-40 (a) (2). As amended by P.A. 87-533, § 22a-40 (a) (2) provides: "(a) The following operations and uses shall be permitted in wetlands and watercourses, as of right . . . (2) A residential home (i) for which a building permit has been issued or (ii) on a subdivision lot, provided the permit has been issued or the subdivision has been approved by a municipal planning, zoning or planning and zoning commission as of the effective date of promulga-

---

[6] General Statutes (Rev. to 1985) § 22a-40 (a) (2) provided in relevant part: "(a) The following operations and uses shall be permitted in wetlands and watercourses, as of right . . . (2) A residential home (i) for which a building permit has been issued or (ii) on a subdivision lot, provided the permit has been issued or the subdivision has been approved by a municipal planning, zoning or planning and zoning commission as of the effective date of promulgation of the municipal regulations pursuant to subsection (b) of section 22a-42a or as of July 1, 1974, whichever is earlier . . . ."

tion of the municipal regulations pursuant to subsection (b) of section 22a-42a or as of July 1, 1974, whichever is earlier, *and further provided no residential home shall be permitted as of right pursuant to this subdivision unless the permit was obtained on or before July 1, 1987 . . . .*" (The emphasized language is the language added by P.A. 87-533, § 2.)

The trial court determined, and Paupack argues, that the language added to § 22a-40 (a) (2) by P.A. 87-533 only limits subdivision (a) (2) (i), the building permit exemption, *not* subdivision (a) (2) (ii), the existing subdivision exemption.[7] This interpretation of the language of P.A. 87-533 is erroneous as a matter of law.

"We approach this question according to well established principles of statutory construction designed to further our fundamental objective of ascertaining and giving effect to the apparent intent of the legislature. . . ." (Internal quotation marks omitted.) *Fahy* v. *Fahy,* 227 Conn. 505, 512, 630 A.2d 1328 (1993); *Lauer* v. *Zoning Commission,* 220 Conn. 455, 459–60, 600 A.2d 310 (1991). "In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . ." (Internal quotation marks omitted.) *Fahy* v. *Fahy,* supra, 512.

The plain language of P.A. 87-533 provides that *no* residential home is permitted as a matter of right unless a building permit was obtained for that home on or before July 1, 1987. Were we to read P.A. 87-533 as

---

[7] The trial court found the use of the term "subdivision" in General Statutes § 22a-40 (a) (2) to be confusing as it is used to refer both to a subdivision of real property, and to a subdivision of the statute. A careful reading of the statute eliminates any confusion. The term "subdivision" added to § 22a-40 (a) (2) by P.A. 87-533 can only refer to a subdivision of the statute.

suggested by the trial court, limiting its application to subdivision (a) (2) (i) of § 22a-40, rather than to subdivision (a) (2) (ii), it would have the effect of changing the date before which building permits were to have been issued for as of right construction from July 1, 1974, to July 1, 1987. Construing the language of P.A. 87-533 to apply to subdivision (a) (2) (i) would have the perverse effect of increasing the potential universe of properties exempt from inland wetlands regulation as of right, from those properties for which a building permit had existed prior to July 1, 1974, to those properties for which a building permit had existed prior to July 1, 1987. Such a reading of the language of P.A. 87-533 makes no sense. The original date of July 1, 1974, that was added to § 22a-40 (a) (2) by P.A. 73-571, applied to building permits in existence before the effective date of P.A. 73-571, thereby allowing construction as of right on land for which building permits had been issued prior to the effective date of P.A. 73-571. In contrast, the language of P.A. 87-533 added to § 22a-40 (a) (2) some thirteen years later could not apply to subdivision (a) (2) (i) because there were no building permits issued prior to the effective date of P.A. 87-533 that needed a grandfather clause to remain valid.

Interpreting the language of P.A. 87-533 by applying it to subdivision (a) (2) (ii) of § 22a-40 is consistent with the rules of statutory construction. *Fahy* v. *Fahy,* supra, 227 Conn. 512. Public Act 87-533 sets a deadline of July 1, 1987, for the issuance of a building permit, for as of right construction of a residential home in wetlands. The problem of preexisting building permits had been addressed by the legislature when it adopted the language of subdivision (a) (2) (i) pursuant to P.A. 73-571. The language of P.A. 87-533 sets another deadline, and by its plain language is applicable to statutory subdivision (a) (2) (ii), the existing

exemption for the subdivision of real property.[8] Such a reading of P.A. 87-533 eliminated the as of right exemption for undeveloped subdivisions existing prior to 1974 for which a building permit had not been issued.

Furthermore, this reading of P.A. 87-533 is consistent with its legislative history. Commenting on the floor of the Senate concerning P.A. 87-533, Senator Michael P. Meotti[9] remarked: "[The bill] also ends the grandfather clause subdivisions that were approved, but have never been built since the time of the adoption of this act in the early 70s." 30 S. Proc., Pt. 9, 1987 Sess., p. 3116.

This legislative history is consistent with the policy goal of eliminating exemptions from wetlands regulation for land that had remained undeveloped long after adoption of legislation strengthening wetlands regulation. Although there were vested expectations in the ability to develop existing subdivisions when P.A. 73-571 became effective in 1974, any expectation of development for subdivisions existing prior to 1974 that had not been developed by 1987 was substantially diminished when P.A. 87-533 was adopted.[10]

---

[8] For an explanation of the ambiguous use of the term "subdivision" to refer both to a portion of a statute and to a division of real property, see footnote 7.

[9] Senator Meotti was cochairman of the environment committee at the time of the adoption of P.A. 87-533.

[10] Paupack claims that because the subdivision in which its lot was located was substantially complete, by implication, its right to build on the lot had vested. See footnote 11. Paupack makes this claim pursuant to General Statutes § 22a-40 (a) (2). A vested rights claim is not supported by this statute, but may implicate constitutional rights. As noted by the attorney general in his brief as amicus curiae, however, Paupack has not raised, and we, therefore, do not consider, whether as applied to Paupack's subdivision lot, the commission's action pursuant to § 22a-40 (a) (2) constituted a taking under the fifth and fourteenth amendments to the United States constitution or under the constitution of Connecticut, article first, § 11. See *Nollan* v. *California Coastal Commission*, 483 U.S. 825, 107 S. Ct. 3141, 97 L. Ed. 2d 677 (1987).

Given the plain language of P.A. 87-533, which expressly applies to "this subdivision," i.e., subdivision (a) (2) (ii) of § 22a-40, and its legislative history, which clearly indicates a legislative intent to end the exemption for undeveloped subdivisions after July 1, 1987, we conclude that there is no as of right exemption from wetlands regulation pursuant to § 22a-40 (a) (2) for construction of residential homes on subdivision lots existing prior to July 1, 1974, unless a building permit had been issued for such a subdivision lot prior to July 1, 1987.[11]

The judgment is reversed, and the case is remanded for a new trial limited to the issue of whether the denial of the application was supported by substantial evidence.

In this opinion the other justices concurred.

---

[11] As an alternative ground for affirmance, Paupack claims that because the lot that is the subject of this appeal is located in a subdivision that is substantially complete, its lot is exempt from wetlands regulation pursuant to General Statutes § 22a-40 (a) (2). We disagree.

There is nothing in the statutory language of § 22a-40 (a) (2) that even implies an exemption from wetlands regulation for a lot existing in a subdivision approved before July 1, 1974, in which the subdivision is substantially complete. Exemptions from remedial statutes are to be strictly construed. *Conservation Commission* v. *Price,* 193 Conn. 414, 423–24, 479 A.2d 187 (1984). Paupack cites no controlling authority for this proposition. Accordingly, we reject it.